FILED

DEC 21 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUSAN HEATON,

      Plaintiff - Appellant,

v.

PRUDENTIAL INSURANCE
COMPANY OF AMERICA; et al.,

      Defendants - Appellees.

No. 08-55874

D.C. No. 3:06-cv-01403-J-NLS

ORDER

Before: HALL, W. FLETCHER and CLIFTON, Circuit Judges.

The memorandum disposition filed on November 23, 2009, is amended. An amended memorandum disposition will be filed concurrently with this order. With these amendments, the panel has voted to deny the petition for rehearing as moot. No further petitions for rehearing or rehearing en banc may be filed.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN HEATON, | No. 08-55874 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01403-J-NLS |
| v. | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA; et al., | AMENDED MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, Jr., District Judge, Presiding

Argued and Submitted October 5, 2009
Pasadena, California

Before: HALL, W. FLETCHER and CLIFTON, Circuit Judges.

Susan Heaton appeals the district court's order granting defendants' motion

for summary judgment. Because the record manifests a genuine factual dispute

about whether Heaton became totally disabled while she was a full-time Isis

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

employee, summary judgment was improper. We vacate the judgment below and remand for further proceedings.

Heaton's eligibility for benefits turns on whether she met her long-term disability plan's definition of "total disability" while she was a full-time Isis employee covered by the plan.

A factual dispute over the extent of Heaton's disability arose *before* Heaton's last day of full-time employment at Isis on April 27, 2000, when she was indisputably a "Covered Person" under the plan. Prudential and Isis do not dispute that Heaton continued to work at her own occupation through April 27, 2000.

Whether Heaton met the plan's definition of "total disability" before April 27, 2000 depends on whether, before that date, she was "not able to perform, for wage or profit, the material and substantial duties of [her] occupation" because of her disability. Heaton submitted evidence that the usual requirements of her position included ten to twelve hours of work per day, with computer and handwriting tasks for more than eight hours per day; that her doctors imposed substantial restrictions on her activities that left her well short of being able to meet these requirements; and that two doctors believed that she was disabled or otherwise unable to perform her "regular work" while she was a full-time

2

employee at Isis. That was more than enough to establish a genuine issue of material fact.

Defendants would, in effect, require a negative productivity report, a poor job performance evaluation, or a memo regarding the quality of Heaton's work to establish total disability. They argue that Isis provided accommodations to allow Heaton to remain in her job and did not evaluate her poorly because of her physical limitations. But that does not conclusively establish that she was not "totally disabled." That a sympathetic employer might make such accommodations or tolerate an individual's limitations for at least some period of time does not prove that the employee was in fact able to perform "the material and substantial duties of [her] occupation." A reasonable factfinder could find, through its own comparison of medical restrictions and the usual requirements of the employee's job, that the employee was simply not physically capable of performing the tasks her job required at the relevant time. An employer's failure to come to that same conclusion—or to bother to register its dissatisfaction in the form of a negative performance review—would not conclusively undermine such a reasonable determination.

**VACATED and REMANDED.**